IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Barbara J Murphy | &#124; | FILED: AUGUST 11, 2008 |
| | &#124; | 08CV4520 |
| Plaintiff, | &#124; | JUDGE PALLMEYER |
| | &#124; | MAGISTRATE JUDGE VALDEZ |
| -vs- | &#124; No. | |
| | &#124; | TC |
| Dorothy Brown, Clerk | &#124; | |
| of the Circuit Court of Cook County, | &#124; | |
| Illinois; County of Cook, Illinois, | &#124; | |
| | &#124; | |
| Defendants | &#124; | |

# COMPLAINT

1.   This is a civil action based on the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.  Plaintiff, Barbara J Murphy ("Murphy") was formerly employed as a courtroom clerk by Dorothy A. Brown, Clerk of the Circuit Court of Cook County ("Clerk", "Court Clerk").  In late 2003, Plaintiff developed a serious health condition – as that phrase is defined in 29 U.S.C. § 2611 (11) – causing her to miss time from work for four surgeries and rehabilitation. She returned to work full-time in 2005, but continued to miss days due to pain and other symptoms of her serious medical condition. On July 13, 2006, pursuant to an attendance policy agreed to by the Clerk's Office and the union, she was placed on proof status.  In August, 2006, she applied for FMLA leave; although she qualified for leave, her application was denied.  On December 15, 2006, the

Clerk's Office granted her intermittent FMLA leave retroactive to October 30, 2006 and ending October 30, 2007. Nevertheless, on January 3, 2007, Plaintiff was terminated for violation of the attendance policy, including dates when she was or should have been eligible for intermittent FMLA leave.

Murphy seeks a declaration that the Clerk violated the Act by wrongfully denying her intermittent FMLA leave, unlawfully requiring medical documentation for each absence or tardy, and discharging her in retaliation for her exercise of her rights under the FMLA. Plaintiff prays for reinstatement (or front pay) and damages in an amounts specified by section 2617(a)(1) of the Act.

## Jurisdiction and Venue

2. The jurisdiction of the Court is invoked by the authority of 29 U.S. section 2617 (a) (2).

3. Venue is established under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Cook County, Illinois, and the Defendant does business within the Northern District of Illinois.

## Parties

4. The plaintiff, Barbara J Murphy, is a resident of the Northern District of Illinois. In the year proceeding her termination, Plaintiff worked more than 1,250 hours.

5. The defendant, Dorothy Brown, was at all times pertinent to the

allegations and claims stated in this Complaint the Clerk of the Circuit Court of Cook County, Illinois. The Circuit Court Clerk's office is established by Article VI, Section 18(b) of the Illinois Constitution. The Circuit Court Clerk is an "employer" within the meaning of 29 U.S.C. § 2611 (4)(A). The Circuit Court Clerk is a "public agency" within the meaning of 29 U.S.C. § 2611(4)(B). The Clerk's office employs more than fifty persons. Defendant Brown is sued in her individual capacity.

6. Defendant, County of Cook, is a unit of local government as defined by Article VII Section 1 of the Illinois Constitution. The County of Cook is an "employer" within the meaning of 29 U.S.C. § 2611 (4)(A). The County of Cook is a "public agency" within the meaning of 29 U.S.C. § 2611(4)(B). In the alternative, the County of Cook is included as an indemnification party for the Defendant Court Clerk.

7. At all times pertinent to the allegations of this Complaint, the officers, managers, and other supervisory personnel named herein acted by the authority of Defendant Brown and within the scope of their employment.

### Factual Allegations

8. Murphy began her employment with the Circuit Court of Cook County Illinois on March 21, 1993. Her most recent assignment was courtroom clerk.

9. In late 2003, the Plaintiff underwent a hysterectomy and excision of

pelvic inflammatory tissue. She developed more inflammatory pelvic adhesions and underwent a second surgery in March, 2004. During the second surgery, her left ureter was severed. A nephrostomy tube was surgically placed in her left ureter, causing the Plaintiff considerable and chronic pain. On June 1, 2004, the Plaintiff underwent surgery which repaired the left ureter and unsuccessfully attempted to restore normal urinary function. Despite the surgeries, the Plaintiff's chronic pain persisted, especially around the nephrostomy site. In addition, she began to experience back spasms. She underwent a fourth surgery. Her physician ordered several sessions of physical therapy.

10. The Plaintiff returned to work in December, 2004. While working, she treated at a pain clinic where she received injections and medications. As a result, the Plaintiff called off sick on some occasions and on others, came to work late or left early. On almost all of these occasions, she submitted reports and test and treatment records to the Clerk's Office detailing her condition and her treatment.

11. Because she had not worked the required 1,250 hours the previous year, the Plaintiff could not and did not request FMLA leave.

12. On or about June 23, 2006, the Clerk's Office issued Human Resources Bulletin 2006004E which, among other things, set forth the Court Clerk's policy with respect to employees whose Absences Without Pay ("AWPs")

exceeded 25 points.

13. On July 13, 2007, the Court Clerk issued the Plaintiff a Final Warning Letter that she had accumulated 79 attendance points for which she had, according to the Court Clerk, failed to provide sufficient justification. As a result, the Court Clerk placed the Plaintiff on "proof status" under which the Plaintiff was required to provide her timekeeper with documented proof of a medical emergency or other type of emergency for all future AWPs. Failure to provide sufficient documentation would result in termination, and the Plaintiff would remain on proof status until her points fell below 25, the cutoff set by Bulletin 2006004E.

14. In August, 2006, the Plaintiff filed with the Court Clerk a request for intermittent FMLA leave. The Court Clerk denied the Plaintiff's request even though she had a serious medical condition and had 1,250 hours worked in the previous year.

15. On October 30, 2006, the Plaintiff again applied for intermittent FMLA leave. By memo dated December 15, 2006, the Court Clerk approved the Plaintiff's request and granted her FMLA leave status retroactive to October 30, 2006 and extending to October 30, 2007.

16. By letter dated January 3, 2007 delivered to the Plaintiff at a meeting, the Court Clerk, by Patricia J Horne, Acting Chief Human Resources Officer, announced the Plaintiff's termination for violations of Bulletin

2006004E. The termination letter stated the Plaintiff's adjusted attendance point total was 58. Although the Court Clerk excused AWPs that occurred after December 25, 2006, it found the Plaintiff had failed to submit adequate justifications for sixteen Bulletin 2006004E violations that occurred from August 25, 2006 to December 18, 2006.

### Legal Claims

### Count I:

### Family and Medical Leave Act
### Eligibility Denial

1-1.    Plaintiff alleges and realleges paragraphs one through sixteen of this Complaint as if fully set forth herein.

1-2.    Since late November, 2003, the Plaintiff has suffered from a serious health condition within the meaning of 29 U.S.C. § 2611(11).  At all times pertinent to the allegations of this Complaint, the Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(4).

1-3.    At the time she applied for intermittent FMLA leave in August, 2006, the Plaintiff had the 1,250 hours required by the Act.

1-4.    In rejecting the Plaintiff's August 2006 application for intermittent FMLA leave, the Court Clerk violated the Family and Medical Leave Act, 29 U.S.C. section 2611 et seq.

1-5.    As a direct and proximate result of the unlawful act of the

defendant, the plaintiff suffered the following injuries:

    a.    Lost wages and benefits.

    b.    Front pay

    c.    Emotional distress.

1-6.    The unlawful action of the defendant was not taken in good faith, as defined by section 2617 (a) (1) (iii) of the Act.

Wherefore, the plaintiff, Barbara J Murphy demands trial by jury, and demands judgment in her favor and against the defendant, Dorothy M Brown, Clerk of the Circuit Court of Cook County, Illinois and prays for the following relief:

    a.    Lost wages, benefits and other incidents of employment as provided by section 2617 (a) (1) (i) of the Act;

    b.    Compensatory damages;

    c.    Interest as provided by section 2617 (a) (1) (ii) of the Act;

    d.    Reinstatement or front pay;

    e.    Damages as authorized by section 2617 (a) (1) (iii) of the Act;

    f.    Attorneys fees and costs as provided by section 2617 (a) (3) of the Act; and

    g.    Such other and further relief as to this Court may seem just and equitable.

## Count II

### Family and Medical Leave Act
### Violation of Act; Wrongful Termination

2-1.   Plaintiff alleges and realleges paragraphs one through sixteen of the Complaint as if fully set forth herein.

2-2.   Since late November, 2003, the Plaintiff has suffered from a serious health condition within the meaning of 29 U.S.C. § 2611(11).  At all times pertinent to the allegations of this Complaint, the Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(4).

2-3.   In violation and disregard of the FMLA and its implementing regulations, the Court Clerk wrongfully required the Plaintiff to give it notice and written medical justification on each day that she took intermittent FMLA.

2-4.   As the result of the application of the Court Clerk's wrongful notice and justification policies,  the Plaintiff acquired AWP points in excess of 25, thereby making her eligible for termination under Bulletin 2006004E.

2-5.   As the result of the Court Clerk's wrongful conduct, the Plaintiff was terminated.

2-6.    As a direct and proximate result of the unlawful act of the defendant, the plaintiff suffered the following injuries:

a.   Lost wages and benefits.

b.   Front pay

c.   Emotional distress.

2-7.    The unlawful action of the defendant was not taken in good faith, as defined by section 2617 (a) (1) (iii) of the Act.

Wherefore, the plaintiff, Barbara J Murphy demands trial by jury, and demands judgment in her favor and against the defendant, Dorothy M Brown, Clerk of the Circuit Court of Cook County, Illinois and prays for the following relief:

- a. Lost wages, benefits and other incidents of employment as provided by section 2617 (a) (1) (i) of the Act;
- b. Compensatory damages;
- c. Interest as provided by section 2617 (a) (1) (ii) of the Act;
- d. Reinstatement or front pay;
- e. Damages as authorized by section 2617 (a) (1) (iii) of the Act;
- f. Attorneys fees and costs as provided by section 2617 (a) (3) of the Act; and
- g. Such other and further relief as to this Court may seem just and equitable.

## Count III

### Family and Medical Leave Act
### Retaliation; Wrongful Termination

3-1.    Plaintiff alleges and realleges paragraphs one through sixteen of the Complaint as if fully set forth herein.

3-2.    Since late November, 2003, the Plaintiff has suffered from a

serious health condition within the meaning of 29 U.S.C. § 2611(11).  At all times pertinent to the allegations of this Complaint, the Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(4).

    3-3.   The Act makes it unlawful for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any right provided for the Act. 29 U.S.C. § 2915 (a)(1).  The Act also makes it unlawful for an employer to discharge or in any way discriminate against any individual for opposing a practice made unlawful by the Act. 29 U.S.C. § 2915 (a)(2).

    3-4.   The Court Clerk discharged the Plaintiff for exercising her rights under the Act and for opposing practices made unlawful by the Act.

    3-5.   As a direct and proximate result of the unlawful act of the defendant, the plaintiff suffered the following injuries:

    a.   Lost wages and benefits.

    b.   Front pay

    c.   Emotional distress.

    3-6.    The unlawful action of the defendant was not taken in good faith, as defined by section 2617 (a) (1) (iii) of the Act.

    Wherefore, the plaintiff, Barbara J Murphy demands trial by jury, and demands judgment in her favor and against the defendant, Dorothy M Brown, Clerk of the Circuit Court of Cook County, Illinois  and prays for the following relief:

a. Lost wages, benefits and other incidents of employment as provided by section 2617 (a) (1) (i) of the Act;

b. Compensatory damages;

c. Interest as provided by section 2617 (a) (1) (ii) of the Act;

d. Reinstatement or front pay;

e. Damages as authorized by section 2617 (a) (1) (iii) of the Act;

f. Attorneys fees and costs as provided by section 2617 (a) (3) of the Act; and

g. Such other and further relief as to this Court may seem just and equitable.

/s/ Robert M Hodge
_____
Attorney for Plaintiff

Robert M. Hodge
Law Offices
36 South Wabash Ave Rm. 1310
Chicago IL 60603-2906
312/422-1707
Fax 312/422-0708
`

August 6, 2008                    -11-